FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

2010 MAY 10  P 4: 23

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| CVENT, INC.<br>8180 Greensboro Drive<br>McLean, VA 22102, )<br><br>Plaintiff, )<br><br>v. )<br><br>EVENTBRITE, INC.<br>410 Townsend Street<br>San Francisco, CA 94107 )<br><br>and )<br><br>DOES 1-10, individuals and/or business<br>entities of unknown nature, )<br><br>Defendants. ) | Civil Action No. _1 : 10 CV 481_<br>_LmB / IDD_ |

## COMPLAINT

For its complaint, Plaintiff Cvent, Inc. ("Cvent"), by counsel, alleges as follows:

## NATURE OF CASE

1.       This case arises out of Defendants' use of illegal and unauthorized "web scraping" techniques to steal valuable content from Plaintiff Cvent's cvent.com website and to distribute that valuable content on eventbrite.com, a website owned and managed by Cvent's competitor, Eventbrite, Inc. ("Eventbrite").

2.       Defendants' unlawful conduct includes infringement of Cvent's copyrights, their unauthorized and illegal access to Cvent's protected computer network, their "reverse passing

off" of Cvent's products as products of Defendant Eventbrite, their breach of the cvent.com website Terms of Use, and their statutory and common-law conspiracy to harm Cvent's business.

3.      Cvent, through this lawsuit, seeks to immediately stop Defendants from continuing their illegal and injurious conduct, from which Cvent has suffered and will continue to suffer irreparable harm, and which will continue unless Defendants are enjoined from further abuse of Cvent's intellectual property. Cvent seeks an order for impoundment and destruction of all infringing copies of its content, and corrective advertising to remedy Defendants' unfair competition. Cvent also seeks damages from Defendants for their wrongful conduct to date, including but not limited to compensatory damages, disgorgement of Defendants' profits, statutory damages, treble damages, and exemplary damages as allowed by law, as well as an award of Cvent's costs and reasonable attorneys' fees incurred in pursuing this action.

## PARTIES

4.      Cvent, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 8180 Greensboro Drive, McLean, Virginia 22102.

5.      Eventbrite, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 410 Townsend Street, San Francisco, CA 94107.

6.      On information and belief, "Doe 1" is a person or entity making use of one or more computers hosted by Liquid Web, Inc., Lansing, Michigan and making use of the Internet Protocol (IP) address 67.225.179.162 in connection with conduct set out in this Complaint; Doe 1 is responsible in whole or in part for the wrongdoing alleged herein. Cvent is informed and believes, and therefore alleges, that Doe 1 is not an employee, officer, or director of Defendant Eventbrite, but is a person and/or entity that individually conspired in, participated in, directed, conducted, ratified, endorsed, or otherwise was involved, along with Eventbrite, in the acts

2

alleged herein, and therefore has liability for those acts. Cvent is presently unaware of the real identity of Doe 1 and will amend its complaint when Doe 1's identity becomes known.

7.     "Does 2-10" are persons or entities responsible in whole or in part for the wrongdoing alleged herein. Cvent is informed and believes, and therefore alleges, that Does 2-10 are not employees, officers, or directors of Defendant Eventbrite, but are persons and/or entities that individually conspired in, participated in, directed, conducted, ratified, endorsed, or otherwise were involved, along with Eventbrite, in the acts alleged herein, and therefore have liability for those acts. Cvent is presently unaware of the real identity of Does 2-10 and will amend its complaint when the identities of those persons and/or entities becomes known.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of federal statutes, including the Copyright Act (17 U.S.C. § 101 *et seq.*), the Lanham Act (15 U.S.C. § 1125(a)) and the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

9.     This Court has supplemental jurisdiction over the remaining claims in this action pursuant to 29 U.S.C. § 1367.

10.     The computer servers hosting the cvent.com website are located and operate within this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District; Defendants used Cvent's computers to transact their business affairs, Cvent is located in this District, and a substantial part of Cvent's property, which was injured by Defendants' actions, is located in this District.

3

11.     This Court has personal jurisdiction over Defendants, who have engaged in business activities in or directed at Virginia and in this District, and who have caused tortious injury in Virginia and in this District.

12.     As discussed below, Defendants are bound by the "Terms of Use for the Cvent Supplier Network," which specifically provide for venue in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Cvent Background.**

13.     Cvent is a software company founded in 1999.  Among its other business lines, Cvent licenses web-hosted software for use by companies and their meeting planners in planning, managing, and organizing corporate events.  As part of this core business, Cvent has compiled a database of meeting venues around the world, called the Cvent Supplier Network ("CSN"), which includes detailed information about each venue, such as the availability and capacity of meeting rooms, venue amenities and services, and other information concerning the venue.  Since the company's founding, Cvent has invested over $10 million in researching, building, maintaining and promoting venue profiles in the CSN, which has been – and continues to be – a key differentiator between Cvent and its competitors, and an important competitive advantage of Cvent in the marketplace.

14.     As part of its CSN, and in complement to the existing CSN features, Cvent began three years ago to develop its "Destination Guide," a new informational resource of city-specific profiles designed especially for meeting and event planners, enabling planners to focus their site selection and event sourcing efforts by comparing meeting-specific details across cities worldwide.  Cvent has invested approximately $500,000 in developing the Destination Guide over the last three years, and deploys a team of web designers, full-time marketing employees,

4

and sales staff, as well as a group of freelance writers involved in writing the Destination Guide's editorial content. Over the past three years, Cvent has invested an additional $300,000 in direct marketing to advertise the Destination Guide and build brand awareness.

**B.      Cvent's Copyrights.**

15.      Cvent obtains competitive advantage by presenting its meeting planner customers with targeted, useful, and accurate information in an easy-to-use web-based interface. To that end, the Cvent website, including the CSN and its Destination Guide, are, by design, uniquely distinctive in their presentation, composition, and content.

16.      Cvent's cvent.com website and the CSN, including the Destination Guide, are fundamental to Cvent's business reputation and competitive position. The intellectual property related to the cvent.com website and the CSN, including the Destination Guide, are vital corporate assets of Cvent as an online venture.

17.      Cvent's cvent.com website; the CSN, including the Destination Guide; and the web pages containing profiles of individual venues ("profile pages") contained therein contain works of authorship protected by copyright law. Cvent has registered those copyrights.

18.      During the time period relevant to Cvent's Complaint, each cvent.com website page, including the CSN and Destination Guide pages, bore a copyright notice. In 2008, that notice read "Copyright © 2000-2008 Cvent Inc. All rights reserved"; in 2009, that notice read "Copyright © 2000-2009 Cvent Inc. All rights reserved"; in 2010, that Notice reads "Copyright © 2000-2010 Cvent Inc. All rights reserved."

**C.     Cvent's Terms of Use.**

19.     Use of Cvent's web-based software, including the cvent.com website and the CSN and its Destination Guide, is subject to terms of use, including the Terms of Use for the Cvent Supplier Network ("TOUs"), which set forth the acceptable use of its computer network and the terms under which Cvent licenses its software and content, as well as express prohibitions on conducting certain activities.

20.     At all times relevant to this Complaint, Cvent's main cvent.com web page, all web pages generated by CSN's searching and browsing features, and all Destination Guide web pages have provided prominent links to the TOUs.  These links are in close proximity to the web pages' CSN searching and browsing features, and to the web pages' presentation of CSN content, including the Destination Guide. The terms of the TOUs are readily available for review via the links in both HTML (i.e. web page) and Adobe Acrobat .PDF forms.  These links permit a user to obtain a copy of the TOUs before CSN content, including the Destination Guide, is delivered to the user.

21.     Cvent does not take affirmative acts to prevent printing or storage of the TOUs by users; indeed, the web page which presents the TOUs to cvent.com users specifically directs users to a "Downloadable .PDF" of the TOUs.

22.     The TOUs provide, in part, as follows:

a.      "You shall not reverse engineer, disassemble or decompile the Services or cause or permit the reverse engineering, disassembly or decompilation of the [Cvent Supplier Network] Services."

6

b.  "All users agree not to disclose to anyone Cvent's trade secrets and that you will not use any of the information available on Cvent's web site to compete against Cvent or reverse engineer our product offerings."

c.  "No competitors or future competitors are permitted access to our site or information, and any such access by third parties is unauthorized. You agree that you will not copy, record, publish, compile, reproduce, republish, use or resell for any competing commercial purpose any information on our site."

d.  "You acknowledge that Cvent or its licensors retain all copyright, trademark, trade secret, patent, and other proprietary and intellectual property rights to the [Cvent Supplier Network] Services . . ."

e.  "All users of Cvent Services and visitors to the Cvent websites agree not to use any manual or automated means (of any type) to capture or extract data in bulk from Cvent's websites."

f.  "You agree to not use any device, software or routine that may extract, copy, modify, import, export, replicate, scrape or otherwise deliver, in any manner, the data and information on our site to you or anyone else. If you do so, then you agree that Cvent is suffering irreparable injury and that an injunction or temporary restraining order may be entered by any court sitting in the state of Virginia prohibiting the use of such information . . ."

g.  "This Agreement will be governed by the laws of the Commonwealth of Virginia without regard to any conflict of law principles. Customer and Cvent agree to a venue of the state and federal courts of Arlington,

7

Virginia for all matters arising with respect to the services agreement between the parties. The parties waive their right to a jury trial."

**D.   Defendants' Wrongful Conduct.**

23.    Defendant Eventbrite is a direct competitor to Cvent in the online event planning and management business, and maintains a publicly-accessible website at www.eventbrite.com.

24.    Although Defendant Eventbrite is a competitor of Cvent, Eventbrite – as a relatively new arrival in the business – historically did not have a venue database approaching the depth, accuracy, and comprehensiveness of Cvent's CSN, which has individual venue profile pages which have been built and refined through constant research and addition of editorial content. Similarly, Eventbrite historically did not offer its customers a feature comparable to Cvent's Destination Guide.

25.    The failure to offer a venue database comparable to Cvent's CSN, and the lack of a Destination Guide, have placed Eventbrite at a competitive disadvantage to Cvent in the marketplace.

26.    On information and belief, during the period between August 2008 and October 2008, Defendants, acting in concert, employed unlawful "web scraping" techniques to extract valuable CSN and Destination Guide content from Cvent's cvent.com website, and to redistribute that content on Defendant Eventbrite's eventbrite.com website, presenting that content as Defendant Eventbrite's own, all with the purpose of harming Cvent's business and profiting from the stolen content.

27.    On September 21, 2008, Defendant Doe 1 caused one or more computer systems hosted by Liquid Web, Inc. in Lansing, Michigan having an IP address of 67.225.179.162 to access Cvent's website and retrieve and copy data from Cvent's Destination Guide pages for the

8

following venues:  Albuquerque, Atlanta, Atlantic City, the Bahamas, Baltimore, Boston, Brisbane, Calgary, Charlotte, Chicago, Cincinnati, Cleveland, Columbus, Dallas, Denver, Detroit, Edmonton, Fort Lauderdale, Hamilton, Honolulu, Houston, Indianapolis, Jamaica, Kansas City, Knoxville, Las Vegas, London, Los Angeles, Louisville, Melbourne, Memphis, Miami, Milwaukee, Minneapolis, Montreal, Nashville, New Orleans, New York City, Norfolk, Orlando, Ottawa, Philadelphia, Phoenix, Pittsburgh, Portland, Raleigh, Reno, Richmond, Sacramento, Salt Lake City, San Antonio, San Diego, San Francisco, Scottsdale, Seattle, St. Louis, Sydney, Tampa, Toronto, Vancouver, and Washington DC.

28.   Programs which access a web site typically present the site with a "user agent" string identifying the web browser or other program accessing the site.  The user agent registered in Cvent's server logs in connection with the September 21, 2008 access was "lwp-trivial/5.810." This user agent is known to be affiliated with so-called "bot" or "robot" programs, written in the Perl scripting language, which allow automatic, systematic download and copying of websites. The use of a program presenting the "lwp-trivial/5.810" user agent string is not consistent with normal use of a web browser by a human operator.

29.   On information and belief, Defendants Eventbrite and Does 2-10 conspired in, participated in, directed, conducted, ratified, endorsed, or otherwise were involved in the September 21, 2008 access, retrieval, and copying of Cvent's site.

30.   Defendants engaged in their September 21, 2008 access, retrieval, and copying of Cvent's site knowingly, intentionally, willfully and maliciously, and despite the clear prohibitions of the TOUs and the human- and machine-readable copyright warnings presented throughout Cvent's website.

9

31.     On October 2, 2008, Defendant Doe 1 caused one or more computer systems hosted by Liquid Web, Inc. in Lansing, Michigan having an IP address of 67.225.179.162 to access Cvent's website and retrieve and copy data from 4,890 pages on Cvent's site.

32.     The user agent registered in Cvent's server logs in connection with the October 2, 2008 access was "LWP::Simple/5.814." This user agent is known to be affiliated with so-called "bot" or "robot" programs, written in the Perl scripting language, which allow automatic, systematic download and copying of websites. The use of a program presenting the "LWP::Simple/5.814." user agent string is not consistent with normal use of a web browser by a human operator.

33.     On information and belief, Defendants Eventbrite and Does 2-10 conspired in, participated in, directed, conducted, ratified, endorsed, or otherwise were involved in the October 2, 2008 access, retrieval, and copying of Cvent's site.

34.     Defendants engaged in their October 2, 2008 access, retrieval, and copying of Cvent's site knowingly, intentionally, willfully and maliciously, and despite the clear prohibitions of the TOUs and the human- and machine-readable copyright warnings presented throughout Cvent's website.

35.     On October 3, 2008, Defendant Doe 1 caused one or more computer systems hosted by Liquid Web, Inc. in Lansing, Michigan having an IP address of 67.225.179.162 to access Cvent's website and retrieve and copy data from 4,598 pages on Cvent's site.

36.     The user agent registered in Cvent's server logs in connection with the October 3, 2008 access was "LWP::Simple/5.814," the same user agent employed in the October 2 access.

37.     On information and belief, Defendants Eventbrite and Does 2-10 conspired in, participated in, directed, conducted, ratified, endorsed, or otherwise were involved in the October 3, 2008 access, retrieval, and copying of Cvent's site.

38.     Defendants engaged in their October 3, 2008 access, retrieval, and copying of Cvent's site knowingly, intentionally, willfully and maliciously, and despite the clear prohibitions of the TOUs and the human- and machine-readable copyright warnings presented throughout Cvent's website.

39.     Over the course of Defendants' retrieval and copying operations on October 2 and 3, 2008, Defendants downloaded CSN venue information pages for 1,613 venues. These pages correspond to the venues featured in the Destination Guide for the 61 city pages accessed on September 21, 2008.

40.     Cvent's server logs reflect additional access of the cvent.com website from the 67.225.179.162 IP address. On information and belief, Defendants accessed the cvent.com website, including but not limited to the CSN and its Destination Guide, on additional occasions between August 2008 and October 2009.

41.     In early Spring 2010, Cvent became aware that Defendant Eventbrite's website contained a number of significant updates, including individual pages for selected "Destinations" and additional profiles of venues, such as hotels and restaurants, relevant to meeting planners.

42.     The new "Destinations" presented to users on eventbrite.com represent a wholesale violation of Cvent's intellectual property in its Destination Guide:

        a.     Eventbrite's choice of city "Destinations" copies completely the set of hyperlinked cities featured in Cvent's Destination Guide at the time of Defendants' unlawful access, retrieval, and copying of Cvent's website.

11

b.   Eventbrite's choice of featured venues in each "Destination" city copies the set of venues for each city featured in Cvent's Destination Guide at the time of Defendants' unlawful access, retrieval, and copying of Cvent's website.

43.   In addition to copying and presenting Cvent's Destination Guide content as Eventbrite content, Defendants also copied and presented individual Cvent venue profile pages – in particular, profiles of venues featured in Cvent's Destination Guide – as Eventbrite content.

44.   Defendants' copying of Cvent CSN content, and its redistribution as Eventbrite content, was wholesale and indiscriminate; for example, Defendants copied Cvent venue profile pages which erroneously duplicated paragraphs in their editorial content (corrected by Cvent since Defendants' unlawful access and copying, but never corrected by Defendants); contained typographical errors in factual information concerning venues (corrected by Cvent since Defendants' unlawful access and copying, but never corrected by Defendants); contained outdated hotel branding (updated by Cvent since Defendants' unlawful access and copying, but never updated by Defendants); and contained incorrect occupancy tax rates (corrected by Cvent since Defendants' unlawful access and copying, but never corrected by Defendants). Defendants' redistribution of Cvent content on Eventbrite's eventbrite.com website also replicated unusual data entries resulting from – and unique to – Cvent's software system.

45.   At no time have Defendants received permission from Cvent to reverse engineer, disassemble or decompile Cvent's websites.

46.   At no time have Defendants received permission from Cvent to use any of the information available on Cvent's web site to compete against Cvent.

12

47.     At no time have Defendants received permission from Cvent to use manual or automated means (of any type) to capture or extract data in bulk from Cvent's websites.

48.     At no time have Defendants, as competitors and/or persons engaged in a competing commercial purpose, received permission from Cvent to access, copy, republish or use the Cvent Supplier Network, including its Destination Guide.

49.     At no time have Defendants received permission from Cvent to extract, copy, modify, import, export, replicate, scrape or otherwise deliver, in any manner, the data and information on Cvent's website.

50.     At no time have Defendants received permission from Cvent to remove Cvent's registered trademark and the distinctive cvent.com trade dress from copies of CSN profile pages, and then present those profile pages to users of the eventbrite.com website without designating Cvent as the origin of those products.

## FIRST CLAIM FOR RELIEF
### *(Copyright Infringement, 17 U.S.C. § 101 et seq.)*

51.     Cvent repeats and realleges each and every allegation of paragraphs 1 through 50 above, as if fully alleged herein.

52.     Cvent owns copyrights in its website and in the individual profiles contained in Cvent's CSN, including Cvent's Destination Guide.

53.     Defendants have copied and created derivative works from profiles contained in Cvent's CSN, including but not limited to Cvent's Destination Guide.  On information and belief, Defendants continue to do so.

54.     Defendants' copies and derivative works are substantially similar to profiles contained in Cvent's CSN, including profiles contained in Cvent's Destination Guide.

55.   The copies and derivative works created by Defendants are unauthorized.

56.   Defendants' acts constitute unlawful infringement of Cvent's exclusive rights in its copyrighted works under 17 U.S.C. § 106.

57.   Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Cvent's rights.

58.   Cvent has been and will continue to be damaged – and Defendants have been unjustly enriched – by Defendants' unlawful infringement of Cvent's copyright in an amount to be proven at trial.

59.   Defendants' unlawful infringement of Cvent's copyright has caused and continues to cause irreparable harm to Cvent.

60.   Cvent is therefore entitled to the relief provided by 17 U.S.C. §§ 502-505 including, but not limited to (a) injunctive relief; (b) an order for the impoundment and destruction of all of Defendants' infringing copies and derivative works; (c) compensatory damages, including Cvent's actual damages and Defendants' profits attributable to the infringement; (d) statutory damages of $150,000 per copyrighted work infringed by Defendants; and (e) Cvent's costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
*(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)*

61.   Cvent repeats and realleges each and every allegation of paragraphs 1 through 60 above, as if fully alleged herein.

62.   Cvent's computers are involved in interstate and foreign commerce and communication, and are protected computers under 18 U.S.C. § 1030(e)(2).

63.     Defendants intentionally accessed Cvent's computers without authorization or in excess of authorized access, and through interstate or foreign communication, obtained information from Cvent's computers in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C).

64.     Defendants intentionally accessed Cvent's computers without authorization and caused and/or recklessly caused damage in violation of the CFAA, 18 U.S.C. § 1030(a)(5)(A)(ii) and (iii).

65.     Defendants' actions have caused loss to one or more persons, including (but not limited to) Cvent, in a one year period aggregating at least $5,000 in value for purposes of the CFAA, 18 U.S.C. § 1030(a)(5)(B)(i).

66.     Defendants' conduct has caused and threatens to cause irreparable harm to Cvent, and, unless enjoined, will cause further irreparable harm for which Cvent has no adequate remedy at law.

67.     Cvent is entitled to the relief provided by 18 U.S.C. § 1030(g), including (a) injunctive relief, (b) compensatory damages, and (c) other equitable relief.

## THIRD CLAIM FOR RELIEF
*(Violation of the Virginia Computer Crimes Act, Va. Code Ann. § 18.2-152.3 et seq.)*

68.     Cvent repeats and realleges each and every allegation of paragraphs 1 through 67 above, as if fully alleged herein.

69.     Defendants have used a Cvent computer or computer network without authority and have obtained property by false pretenses and/or converted the property of Cvent in violation of Va. Code Ann. § 18.2-152.3.

70.    Defendants have used a computer or computer network to make or cause to be made an unauthorized copy of computer data, computer programs and/or computer software residing in, communicated by, or produced by Cvent's computers and/or computer network in violation of Va. Code Ann. § 18.2-152.4.

71.    Cvent is entitled to the relief provided in Va. Code Ann. § 18.2-152.12, including (a) its damages, including but not limited to its lost profits; and (b) the costs of suit.

### FOURTH CLAIM FOR RELIEF
*(Lanham Act "Reverse Passing Off," 15 U.S.C. § 1125(a))*

72.    Cvent repeats and realleges each and every allegation of paragraphs 1 through 71 above, as if fully alleged herein.

73.    Cvent's cvent.com website presents users of the website with web pages; among those web pages are profile pages for venues contained in Cvent's CSN, including Cvent's Destination Guide.  These profile pages contain both copyrightable and non-copyrightable elements, and constitute valuable Cvent products.

74.    Each profile page presented to users by the cvent.com website contains Cvent's registered trademark, which serves to identify the profile page in commerce as a Cvent product, and also incorporates the distinctive look-and-feel and trade dress of the cvent.com website.

75.    Defendants have removed Cvent's registered trademark and the distinctive cvent.com look-and-feel and trade dress from copies of Cvent profile pages, which are then presented to users of the eventbrite.com website without designating Cvent as the origin of those products.

76.    On copies of Cvent profile pages which they have presented to users of the eventbrite.com website, Defendants have replaced Cvent's registered trademark and the

16

distinctive cvent.com look-and-feel and trade dress with identifying marks indicating that Eventbrite – not Cvent – is the source of the product in question, and have rendered those pages with the look-and-feel of the eventbrite.com website.

77. Defendants' conduct constitutes "reverse passing off" false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78. Defendants have engaged in such false designation of origin knowingly, willfully, deliberately, and in conscious disregard of Cvent's rights, making this an exceptional case within the meaning of 17 U.S.C. § 1117.

79. Cvent has been and will continue to be damaged – and Defendants have been unjustly enriched – by Defendants' unlawful false designation of origin in an amount to be proven at trial.

80. Defendants' conduct has caused and threatens to cause irreparable harm to Cvent, and, unless enjoined, will cause further irreparable harm for which Cvent has no adequate remedy at law.

81. Cvent is therefore entitled to the relief provided by 15 U.S.C. § 1116-1117 including, but not limited to (a) injunctive relief, including a provision directing each Defendant to file with the Court and serve on Cvent within thirty days after the service on each Defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction; (b) corrective advertising, including but not limited to personal notice to identifiable users of Eventbrite's venue guide pages, and persistent notifications on http://blog.eventbrite.com, http://forums.eventbrite.com, http://www.facebook.com/Eventbrite that Eventbrite's venue guide pages were unlawfully copied from Cvent's CSN and Destination

Guide; (c) three times compensatory damages, including Cvent's actual damages and Defendants' profits; and (d) Cvent's costs and attorney's fees.

## FIFTH CLAIM FOR RELIEF
### *(Breach of Contract)*

82.     Cvent repeats and realleges each and every allegation of paragraphs 1 through 81 above, as if fully alleged herein.

83.     Use of Cvent's CSN, including its Destination Guide, is governed by and subject to the TOUs.

84.     Defendants had an opportunity to review the TOUs pursuant to Va. Code Ann. §§ 59.1-501.13:1 and 59.1-501.14:1.

85.     On information and belief, Defendants have repeatedly accessed the CSN and therefore manifested assent and agreement to the TOUs under the Virginia Uniform Computer Information Transactions Act ("UCITA"), Va. Code Ann. § 59.1-501.1 *et seq.,* and under the common law.

86.     The TOUs are binding on Defendants.

87.     Defendants' actions, as described above, have willfully, repeatedly, and systematically breached the TOUs.

88.     Cvent has performed all conditions, covenants, and promises required of it in accordance with the TOUs.

89.     Defendants' breach of the TOUs has damaged Cvent, and caused and continues to cause irreparable harm to Cvent.

90.     Cvent is entitled to damages as a result of Defendants' breach of the TOUs.

91.    Pursuant to UCITA, including but not limited to Va. Code Ann. §§ 59.1-508.15 and 59.1-506.18, Cvent is entitled to (a) injunctive relief and (b) an order for the impoundment and destruction of all Cvent information obtained and retained by Defendants in violation of the TOUs.

92.    Pursuant to the terms of the TOUs, Cvent is entitled to its reasonable attorney's fees and costs incurred in connection with Defendants' breach of the TOUs.

### SIXTH CLAIM FOR RELIEF
*(Unjust Enrichment)*

93.    Cvent repeats and realleges each and every allegation of paragraphs 1 through 92 above, as if fully alleged herein.

94.    Defendants have derived benefit, including commercial advantage and private financial gain, from their willful and unauthorized web scraping, copying, and sale of valuable Cvent property and products, including profile pages contained in Cvent's CSN and Destination Guide.

95.    Defendants have accepted and retained the benefits of their unauthorized scraping, copying, and sale of valuable Cvent property and products in circumstances which render it inequitable for them to retain those benefits at Cvent's expense without payment to Cvent.

### SEVENTH CLAIM FOR RELIEF
*(Business Conspiracy, Va. Code Ann. § 18.2-499 et seq.)*

96.    Cvent repeats and realleges each and every allegation of paragraphs 1 through 95 above, as if fully alleged herein.

97.    Defendants are two or more persons who combined, associated, agreed, mutually undertook or acted in concert together within the meaning of Va. Code Ann. § 18.2-499.

98.     Defendants acted willfully and maliciously to injure Cvent in its reputation, trade, business or profession.

99.     Cvent has been and will continue to be damaged by Defendants' wrongful conduct in an amount to be proven at trial.

100.    Cvent is therefore entitled to the relief provided by Va. Code Ann. §§ 18.2-499(A) and 18.2-500, including, but not limited to (a) three times Cvent's damages, including Cvent's actual damages and Defendants' profits; (b) Cvent's costs and attorney's fees.

## EIGHTH CLAIM FOR RELIEF
### *(Common Law Conspiracy)*

101.    Cvent repeats and realleges each and every allegation of paragraphs 1 through 100 above, as if fully alleged herein.

102.    Defendants constitute a combination of two or more persons who combined to accomplish the unlawful purposes described above, including violations of the common law and of statutory provisions of the United States and Commonwealth of Virginia, by concerted action.

103.    Defendants acted willfully and maliciously to injure Cvent in its reputation, trade, business or profession.

104.    Cvent has been and will continue to be damaged  by Defendants' wrongful acts in furtherance of the conspiracy in an amount to be proven at trial.

105.    Cvent is entitled to its damages, including but not limited to compensatory damages.

20

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF PRAYS** that the Court:

A.     Grant a preliminary and permanent injunction enjoining and restraining Defendants, their employees, representatives, agents, and all persons or entitites acting in concert with them, during the pendency of this action and thereafter perpetually from:

1.   Manufacturing, developing, creating, adapting, modifying, exchanging, offering, distributing, selling, providing, importing, making available, trafficking in, or using any automated device, computer program, or other technology (including, but not limited to so-called spiders, robots, web crawlers, data mining tools, and data scraping tools) to download or otherwise obtain data from Cvent and/or its cvent.com website, and from inducing, encouraging, causing or materially contributing to any other person or entity doing the same;

2.   Accessing the cvent.com website without authorization or in excess of authorized access, including but not limited to access in violation of the applicable Terms of Service, and from inducing, encouraging, causing or materially contributing to any other person or entity doing the same;

3.   Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Cvent's services or the cvent.com website, and from inducing,

encouraging, causing or materially contributing to any other person or entity doing the same;

4. Copying, distributing, displaying, creating derivative works or otherwise using protected elements of Cvent's copyrighted website (including, but not limited to, the CSN and Destination Guide), and from inducing, encouraging, causing or materially contributing to any other person or entity doing the same; and

5. Circumventing technological measures that control access to Cvent's copyrighted website and/or portions thereof (including but not limited to user name, registration, and password requirements), and from inducing, encouraging, causing or materially contributing to any other person or entity doing the same.

Cvent respectfully requests that this Court's preliminary and permanent injunctions require each Defendant to file with the Court and serve on Cvent within thirty days after the service on each Defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction.

B.     Order (a) the impoundment and destruction of all infringing copies of Cvent's copyrighted works and derivative works thereof, pursuant to the Copyright Act, 15 U.S.C. § 503; (b) the impoundment and destruction of all Cvent information obtained and retained by Defendants in violation of the cvent.com website Terms of Use, pursuant to Va. Code Ann. §§ 59.1-508.18; and (c) certification within 14 calendar days by each Defendant (or, if an entity, by a responsible officer, partner, or managing member acting on behalf of the entity),

22

under penalty of perjury, that the Defendant has impounded and destroyed the copies, works, and information as ordered by the Court.

C.     Order Defendant Eventbrite to engage in corrective advertising,  including but not limited to personal notice to identifiable users of Eventbrite's venue guide pages, and persistent notifications on http://blog.eventbrite.com, http://forums.eventbrite.com, http://www.facebook.com/Eventbrite that Eventbrite's venue guide pages were unlawfully copied from Cvent's CSN and Destination Guide.

D.     Award plaintiff Cvent damages (including but not limited to compensatory damages, lost profits, and disgorgement of Defendants' profits) and interest in the amount exceeding $3,000,000, including statutory damages pursuant to the Copyright Act, 101 U.S.C. § 101 *et seq.;* treble damages pursuant to the Lanham Act, 15 U.S.C. § 1117 and Va. Code Ann. § 18.2-500; and exemplary damages not in excess of $350,000 because of Defendant's willful and malicious conduct described above.

E.     Award Cvent its pre-judgment and post-judgment interest.

F.     Award Cvent its reasonable legal fees and costs in preparing, filing, and prosecuting this action.

G.     Order Defendants to account for, hold in constructive trust, pay over to Cvent, and otherwise disgorge all profits realized by Defendants during the time period of their unlawful conduct and unjust enrichment, as permitted by law.

H.     Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

AEGIS LAW GROUP LLP

By:

Paul C. Rauser (application for admission *pro hac vice* pending)
Oliver Garcia (Va Bar No. 70087)
Thomas Shakow (Va Bar No. 70291) (application for admission pending)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
Tel: (202) 737-3500/Fax: (202) 737-3330
email: ogarcia@aegislawgroup.com

*Attorneys for Cvent, Inc.*

Dated: May 10, 2010

24