MAY 19

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CVENT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-481(LMB) |
| ) | |
| EVENTBRITE, INC. ) | |
| ) | |
| and DOES 1-10, individuals and/or business ) | |
| entities of unknown nature, ) | |
| ) | |
| Defendants. ) | |

### STIPULATION AND CONSENT ORDER REGARDING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY CONCERNING IDENTITY OF DEFENDANTS DOE 1-10 AND LITIGATION STANDSTILL

Plaintiff Cvent, Inc. ("Cvent") and Defendant Eventbrite, Inc. ("Eventbrite") hereby stipulate and agree as follows:

1. Eventbrite consents to the relief requested in Plaintiff's Motion for Expedited Discovery Concerning Identity of Defendants Doe 1-10. Plaintiff shall be permitted to issue a Request for Production of Documents and a subpoena *duces tecum* substantially in the form attached to this Stipulation and Consent Order as attachments A and B, respectively. Eventbrite agrees to produce the documents specified in the Request for Production of Documents within ten (10) days, as specified in that Request.

2. Subject to the discovery requests set forth in paragraph 1, above, Cvent agrees to refrain from prosecution of this litigation against Eventbrite for a period of ten (10) days from the date of this Stipulation and Consent Order. Nothing in this Stipulation and Consent Order is intended to constrain or prohibit Cvent from prosecuting this litigation against defendants Doe 1-10, including but not limited to the service of process on one or more of those defendants. Eventbrite's time to answer or otherwise respond to the Complaint in this action shall be extended by ten (10) days.

3. During the pendency of this action, each party agrees not to download or otherwise obtain data from the website of the other, or access the other's website without authorization, and will not induce, encourage, cause or materially contribute to any other person or entity doing the same. Nothing herein shall bar Cvent from accessing Eventbrite's website to monitor compliance with this Order.

4. During the pendency of this action, Eventbrite agrees to maintain the status quo, as of the date of this Order, of the contents of the relevant sections of its website, specifically including the "venue directory" section referenced in Cvent's Complaint, and shall not create or publish any other sections providing comparable functionality.

5. Paragraphs 3 and 4 of this Stipulation and Consent Order shall not apply to the actions of outside counsel and their consultants taken in connection with the prosecution or defense of this action.

6. Cvent and Eventbrite agree that this Stipulation and Consent Order render Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction moot as to Eventbrite, but does not does not affect those Motions as to any other person or entity, including but not limited to defendants Doe 1-10.

Dated: May 19, 2010

Respectfully submitted,

| PLAINTIFF CVENT, INC. | DEFENDANT EVENTBRITE, INC. |
|---|---|
| /s/ Oliver Garcia | /s/ Eric J. Feigin |
| Paul C. Rauser (admitted *pro hac vice*) | Eric J. Feigin (VSB #72931) |
| Oliver Garcia (Va Bar No. 70087) | Deneen J. Melander (VSB #27445) |
| AEGIS LAW GROUP LLP | ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP |
| 901 F Street, N.W., Suite 500 | 1801 K Street N.W., Suite 411L |
| Washington, D.C. 20004 | Washington, D.C. 20006 |
| Tel: (202) 737-3500/Fax: (202) 737-3330 | (202) 775-4500 (phone) |
| email: ogarcia@aegislawgroup.com | (202) 775-4510 (fax) |
| | efeigin@robbinsrussell.com |
| *Attorneys for Cvent, Inc.* | *Attorneys for Eventbrite, Inc.* |

SO ORDERED.

/s/
Leonie M. Brinkema
United States District Judge

Date: May 19, 2010

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CVENT, INC.<br><br>        Plaintiff,<br><br>v.<br><br>EVENTBRITE, INC.<br><br>and DOES 1-10, individuals and/or business entities of unknown nature,<br><br>        Defendants. | Civil Action No. 1:10-cv-481 |

## PLAINTIFF CVENT, INC.'S
## FIRST REQUEST FOR PRODUCTION TO DEFENDANT EVENTBRITE, INC.

Pursuant to Federal Rule of Civil Procedure 34 and order of the Court, Plaintiff Cvent, Inc., by and through undersigned counsel, hereby requests that Defendant Eventbrite, Inc. produce for inspection and copying the documents described below at the offices of Aegis Law Group LLP, 901 F Street, N.W., Suite 500, Washington, D.C. 20004, within ten (10) days from service hereof.

### DEFINITIONS

1. The term "document" has the broadest allowable meaning under the Federal Rules of Civil Procedure.

2. The term "person" means any individual, company, corporation, partnership, association, business trust or other form of legal entity.

3. The term "identify" when used with respect to an individual, means to provide (1) his or her name; (2) business affiliation and official title and/or position; and (3) his or her last known residential address, business address, telephone number, and electronic mail address.

4. "Identify" when used with respect to a company or other business entity means to provide: (1) the company's legal name, any former names, and the name under which it trades or does business; (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

5. The term "venues directory" refers to the group of web pages on the website eventbrite.com and/or managed by Eventbrite, Inc. that provide venue-specific information on venues (including hotels, restaurants, and other locations) such as capacity, location, amenities, and text descriptions. The term includes the city-specific pages containing links to particular venues, and should be construed to include all eventbrite.com and Eventbrite-managed pages referenced in Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Temporary Restraining Order and Preliminary Injunction.

6. The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

7. The connective "and" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. This request applies to all documents in your possession, custody or control, or in the possession, custody, or control of your agents, servants, employees, representatives, attorneys, or by any other persons or entities acting, or who has acted, on your behalf.

2. If, in responding to any of these requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, in your response set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

3. If any document necessary for fulfillment of this request was, but no longer is, in your possession or subject to your control and cannot be produced by you, state for such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the document, state the date or approximate date of that disposition, and identify the person who you believe has control of the document.

4. If privilege is claimed with respect to any document necessary for fulfillment of this request, state the following concerning the document: (a) the date of the document; (b) the name of the person who prepared, signed or participated in the preparation of the document and the relationship of that person(s) to you; (c) the name of each person to whom the document was addressed, given or sent, or who received such document or copy thereof, and the relationship of that person(s) to you; (d) the identity of each person having possession,

3

custody or control of the document or copy thereof, and the relationship of that person(s) to you; (e) the subject matter or the circumstances of its preparation in sufficient detail to ascertain the applicability of the privilege or the claim of privilege; and (f) the legal or factual basis for any claim that such document is privileged or otherwise not a proper subject for discovery.

5. This request is continuing in character and requires further response if additional documents necessary for fulfillment of the request are obtained or located subsequent to your initial response.

## REQUEST

1. Documents sufficient to identify all persons involved in the conception, planning, and creation of Eventbrite's venues directory.

Respectfully submitted,
AEGIS LAW GROUP LLP

By: _____

Paul C. Rauser (application for admission *pro hac vice* pending)
Oliver Garcia (Va Bar No. 70087)
Thomas Shakow (Va Bar No. 70291) (application for admission pending)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
Tel: (202) 737-3500/Fax: (202) 737-3330
email: ogarcia@aegislawgroup.com

*Attorneys for Cvent, Inc.*

Dated: May ___, 2010

# EXHIBIT B

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
для the
Western District of Michigan

| Cvent, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-481 |
| | ) | |
| Eventbrite, Inc. and DOES 1-10 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Virginia |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: Liquid Web, Inc., 4210 S. Creyts Road, Lansing, MI 48917

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: TO BE ENTERED BY PLAINTIFF | Date and Time: TO BE ENTERED BY PLAINTIFF |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

Tracey Cordes, CLERK OF COURT

OR

_____  _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___ Cvent, Inc. ___, who issues or requests this subpoena, are:
Oliver Garcia, Aegis Law Group LLP, 901 F Street, NW, Suite 500, Washington, DC 20004; ogarcia@aegislawgroup.com; 202-737-3500.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 1:10-cv-481

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1. The term "document" has the broadest allowable meaning under the Federal Rules of Civil Procedure.

2. The term "person" means any individual, company, corporation, partnership, association, business trust or other form of legal entity.

3. The term "identify" when used with respect to an individual, means to provide (1) his or her name; (2) business affiliation and official title and/or position; and (3) his or her last known residential address, business address, telephone number, and electronic mail address.

4. "Identify" when used with respect to a company or other business entity means to provide: (1) the company's legal name, any former names, and the name under which it trades or does business; (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

5. The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

6. The connective "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents that might otherwise be construed to be outside of its scope.

### INSTRUCTIONS

1. This request applies to all documents in your possession, custody or control, or in the possession, custody, or control of your agents, servants, employees, representatives, attorneys, or by any other persons or entities acting, or who has acted, on your behalf.

2.  If, in responding to any of these requests, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, in your response set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

3.  If any document necessary for fulfillment of this request was, but no longer is, in your possession or subject to your control and cannot be produced by you, state for such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the document, state the date or approximate date of that disposition, and identify the person who you believe has control of the document.

4.  If privilege is claimed with respect to any document necessary for fulfillment of this request, state the following concerning the document: (a) the date of the document; (b) the name of the person who prepared, signed or participated in the preparation of the document and the relationship of that person(s) to you; (c) the name of each person to whom the document was addressed, given or sent, or who received such document or copy thereof, and the relationship of that person(s) to you; (d) the identity of each person having possession, custody or control of the document or copy thereof, and the relationship of that person(s) to you; (e) the subject matter or the circumstances of its preparation in sufficient detail to ascertain the applicability of the privilege or the claim of privilege; and (f) the legal or factual basis for any claim that such document is privileged or otherwise not a proper subject for discovery.

5.  This request is continuing in character and requires further response if additional documents necessary for fulfillment of the request are obtained or located subsequent to your initial response.

2

## REQUEST

1. Documents sufficient to identify the person or persons using Internet Protocol (IP) address 67.225.179.162 during the period from September 20, 2008 to October 4, 2008.

3